IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JERRY HARRISON                                                             PLAINTIFF

v.                              Civil No. 4:18-cv-4021

OFFICER SHOEMAKER, Miller
County Detention Center (MCDC);
and NURSE CHELSIE, MCDC                                  DEFENDANTS

## **ORDER**

Plaintiff Jerry Harrison filed this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis* on February 15, 2018. (ECF No. 1). Before the Court is a Motion to Dismiss filed by Defendant Officer Shoemaker. (ECF No. 15). Plaintiff has not responded to the motion and the time to do so has passed. The court finds this matter ripe for consideration.

On February 15, 2018, the Court entered an order advising Plaintiff that he is required to inform the Court of any change of address within thirty days of the change. (ECF No. 3). The order further advised Plaintiff that failure to inform the Court of an address change would result in this case being subject to dismissal. The Court's order was not returned as undeliverable.

On April 16, 2018, counsel for Defendant Shoemaker mailed correspondence to Plaintiff requesting that he respond to past-due discovery. (ECF No. 17). The correspondence and enclosures were returned to counsel's office on April 25, 2018, marked "Return to Sender – Refused – Unable to forward" and "RTS Not Here." (ECF No. 17-1). On May 8, 2018, Defendant Shoemaker filed the instant motion to dismiss, stating that his counsel had been unable to effect service of correspondence and discovery requests upon Plaintiff. Defendant Shoemaker argues this case should be dismissed because Plaintiff has failed to keep the Court informed of his address.

On May 8, 2018, the Court entered an order directing Plaintiff to respond to the Motion to Dismiss by May 29, 2018. (ECF No. 18). The order was mailed to Plaintiff's address of record at the Miller County Correctional Facility, 2300 East Street, Texarkana, AR 71854. On May 29, 2018, the order was returned to the Court as undeliverable, marked "Return to Sender, not here."

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Plaintiff has failed to keep the Court informed of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Defendant's Motion to Dismiss (ECF No. 15) is hereby **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 12th day of June, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge